IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

YOUSEF GILALI,

                Plaintiff,                      OPINION AND ORDER

    v.

                                                    24-cv-172-wmc

LACROSSE COUNTY,
LACROSSE COUNTY JAIL,
LACROSSE SHERIFFS DEPARTMENT,
and CAPTAIN JIM VERSE,

                Defendants.

---

Plaintiff Yousef Gilali, representing himself, alleges that he had to use cleaning rags as toilet paper at the La Crosse County Jail during a December 2023 shortage of toilet paper. Under 28 U.S.C. § 1915(e)(2) and § 1915A, this court must screen and dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening a complaint drafted by a non-lawyer, the court applies a less stringent standard. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). However, Gilali must still allege enough facts to show that he is plausibly entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). For the reasons explained below, the court will dismiss Gilali's complaint, but allow him an opportunity to file an amended complaint.

OPINION

Gilali alleges that there was a toilet paper shortage at the La Crosse County Jail between December 8 and December 13, 2023. On December 11, 2023, Officer Tonya told Gilali to use cleaning rags instead and laughed. Gilali did so, which caused him "to

bleed and develop a painful rash." (Dkt. #1 at 4.) The complaint does not indicate when his rash resolved, nor does Gilali's attached jail grievance about the issue. Instead, the grievance notes that Gilali had no toilet paper for five days, was told to use rags, and had defecated on himself while waiting for toilet paper or rags. (Dkt. #1-1 at 1.) The jail's response to the grievance (also attached to the complaint) concedes that he was told to use rags, but as an ill-advised joke which was addressed with the officer. The response also indicates that a review of block and body cameras show Gilali received a full roll of toilet paper within two days of his asking for it. (*Id.* at 2.)

Gilali raises a conditions-of-confinement claim, but there are multiple problems with the current complaint. As an initial matter, different standards apply to an incarcerated person's constitutional claims depending on his legal status, and Gilali's legal status in December 2023 is unclear from the complaint. If Gilali was a convicted prisoner, his allegations would implicate his Eighth Amendment right to be free from cruel and unusual punishment, while the Due Process Clause of the Fourteenth Amendment would govern his claim were he a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). As to the former, courts must apply the objective reasonableness standard, while the standard is that of deliberate indifference for the latter. *Id.* Still, this would not by itself prevent Gilali from proceeding under either standard.

Regardless of the applicable legal standard, however, Gilali has not named a proper defendant in his complaint. First, he names La Crosse County, but does not allege that the county adopted a "custom or policy" that caused any constitutional deprivation. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 690 (1978) (municipalities may be held

2

liable for violations of civil rights if they have adopted a policy or custom that violated the plaintiff's constitutional rights). Far from it, the reasonable inference is that this was a one-off event as the result of a temporary toilet paper shortage. Second, he seeks to sue the La Crosse County Jail and the Sherriff's Department, but neither entity is subject to suit in this type of civil lawsuit. *See Green v. Chvala*, 567 F. App'x 458, 461 (7th Cir. 2014) (sheriff's department "[could not] be sued under § 1983"); *Morrison v. Brown Cnty. Jail*, No. 21-cv-1436-pp, 2022 WL 1203042, at *2 (E.D. Wis. Apr. 22, 2022) (a jail is not a "person" subject to suit under § 1983). Third, Gilali proposes to proceed against Captain Jim Verse, but there are *no* allegations indicating how Gilali believes this defendant violated his rights or implicating this defendant in the alleged underlying events. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under [42 U.S.C.] § 1983 . . . requires personal involvement in the alleged constitutional deprivation."). Nor can Verse be held liable for his supervisory role over others. *See Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisory role over others).

At most, it appears that Captain Verse may have handled Gilali's appeal from the denial of his grievance (if there was one), but this is not grounds for a lawsuit. Fourth, although referencing Officer Tonya in his complaint as the person who told him to use rags, and Sergeant Mike Thompson as the person who responded to his grievance, Gilali does not indicate that he intends to name either of these officers as a defendant, and the court cannot presume that he means to sue them instead.

One last problem exists with Gilali's complaint alleging that he suffered bleeding and a rash from using rags, apparently whether for two or five days. Without more detail concerning the nature and severity of his symptoms and how they affected him, those allegations certainly suggest Gilali was uncomfortable, but are insufficient to support an inference that Gilali was subject to "a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *see also Hardeman v. Curran*, 933 F.3d 816, 826-27 (7th Cir. 2019) (Sykes, J., concurring) (conditions that pose a substantial risk of serious harm are objectively serious); *Holden v. Knight*, No. 3:15-cv-432 JD, 2016 WL 696088, at *3 (N.D. Ind. Feb. 22, 2016) ("it does not appear as though Holden's skin rash, which is allegedly itchy and has 'hot spots,' can be considered an objectively serious medical condition. Typically, without more, skin rashes are not."). Indeed, "[c]ourts have consistently held that skin conditions without other symptoms do not qualify as serious medical needs." *Owen v. Abia*, No. 17-21241-CIV-GAYLES, 2017 WL 2822074, at *5 (S.D. Fla. 2017) (collecting cases).

Although Gilali has not named a proper defendant and his allegations of harm are insufficient, it may still be possible for him to state a constitutional claim. Accordingly, the court will allow him an opportunity to file an amended complaint. He should again use the court's complaint form, which the clerk's office will send him, along with a copy of this order. In drafting his amended complaint, which will act as a *complete* substitute for his initial complaint, Gilali should name everyone he wants to sue in the caption, explain how each defendant was personally involved in violating his right to toilet paper (or an acceptable alternative), and what specific, serious harm was caused by that defendant's

4

action or inaction. Gilali should also clarify whether he was a convicted prisoner, a pretrial detainee, or on a supervision hold while he was at the La Crosse County jail in December 2023. **If Gilali does not respond by the deadline indicated below, the court will dismiss this lawsuit with prejudice.**

ORDER

IT IS ORDERED that:

1) Plaintiff Yousef Gilali's complaint (dkt. #1) is DISMISSED. He may have until **May 29, 2024,** to file an amended complaint that corrects the major problems described in this order – naming a proper defendant and alleging sufficient facts as to how any named defendant personally caused him to suffer a serious harm. If plaintiff fails to respond by the deadline, the court will dismiss this case with prejudice.

2) Plaintiff must file his amended complaint on the court's complaint form, which will be sent him with a copy of this order. Plaintiff must fill out the form *completely*.

3) It is plaintiff's obligation to inform the court of any new address. If he fails to do so, his claims may be dismissed with prejudice for failure to prosecute.

Entered this 8th day of May, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge